THE STATE OF NEBRASKA, EX REL. REUBEN W. GRAYBILL, v. WALTER L. WHITTEMORE.

Mandamus: ELECTION LAW. A mandamus will not be granted to compel a county clerk to issue a certificate of election to a person who receives the highest number of votes for an office, where the election to fill said office was held without authority of law.

ORIGINAL application for mandamus.

*Marquett, Deweese & Hall*, for relator. No brief on file.

*Agee & Hellings* and *E. J. Hainer*, for respondent, contended, 1st, Mandamus not the proper action to try the right to the office; and, 2d, the statutes (Laws 1879, p 241) did not authorize an election in 1880.

MAXWELL, CH. J.

This is an application for a writ of mandamus to compel the defendant, who is county clerk of Hamilton county, to issue to the relator a certificate of his election to the office of clerk of the district court of that county.    The petition states in substance that in the year 1880, Hamilton county contained eight thousand two hundred and seventy-seven inhabitants; that at the election held in that county in November of that year, the relator was a candidate for the office of clerk of the district court of that county, and received a majority of all the votes cast for said office at said election, and was afterwards by the board of canvassers declared duly elected to said office; that on the fourth day of December, 1880, he demanded of said defendant his certificate of election, which the defendant refused to issue.

The question to be determined has just been decided by this court in the case of *The State v. Stauffer, ante* p. 173.  In that case it was held that as the statute required an election to be held for the office of clerk of the district court in counties containing not less than eight thousand inhabitants in the year 1879, and every four years thereafter, that it was not intended to apply to counties which attained the requisite number in the intervening years.    The statute in effect classifies the counties in 1879 and every four years thereafter, and provides that counties containing not less than a certain number of inhabitants at the times designated, shall be entitled to elect a clerk of the district court.    The classification is to be made in certain designated years, and can only be made at the time provided by law.

It is not contended that Hamilton county contained eight thousand inhabitants in the year 1879, nor was any clerk of the district court elected in that county in

that year. There was therefore no vacancy in the office and the county clerk was ex officio clerk of the district court, and the so-called election of the relator was a mere nullity. Such being the case it was no part of the duties of the office of county clerk to issue a certificate of election to the relator. The writ is therefore denied and the proceedings dismissed.

Writ denied.